UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRED NEKOUEE, individually,

        Plaintiff,

vs.                                Case No. 4:18-cv-01915

GIOVANNI'S RESTAURANT, INC.,
a Missouri corporation,

        Defendant.

## COMPLAINT
(Injunctive Relief Demanded)

    PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, GIOVANNI'S RESTAURANT, INC. (sometimes referred to as "Defendant"), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.    Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

    2.    Defendant's property, Giovanni's restaurant, is located at 8831 Ladue Road, St. Louis, Missouri 63124, in St. Louis County ("Giovanni's").

    3.    Venue is proper in the Eastern District of Missouri because venue lies in the judicial district of the situs of the property.  The Defendant's property is located in and does business within this judicial district.

    4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5.	Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

6.	Mr. Nekouee traveled to the St. Louis area every three to six months to accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, and now travels to the St. Louis area every three to six months to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment.

7.	Fred Nekouee has visited the property which forms the basis of this lawsuit on March 25, 2018 and on September 25, 2018, and he bought goods and sought to avail himself of the services at Giovanni's on such dates.

8.	Fred Nekouee has visited the St. Louis area near the Giovanni's in June 2015; June 2016; September 2017; December 2017; July 2018; and September 2018.

9.	Fred Nekouee plans to return to the property to avail himself of the goods and services offered to the public at the property.

10.	The Plaintiff has definite plans and flight reservations to return to the St. Louis area and to the Giovanni's in December 2018.

11.	Giovanni's is close to the hotels he stays at in the area and is close to the heavy equipment dealerships he visits.

12.	The Plaintiff really likes the menu and food at Giovanni's, and Giovanni's is well-known for its excellent food.

13. The Plaintiff plans to return to Giovanni's to enjoy its food again.

14. For the reasons set forth in paragraphs 6-13 and 25, Fred Nekouee plans to return to the Giovanni's.

15. The Plaintiff has encountered architectural barriers at the subject property.

16. The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms in Giovanni's.

17. The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

18. The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards.

19. Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

20. On his visit to the Giovanni's, the Plaintiff encountered excessively steep running slopes and cross slopes in its parking lot.

21. The Plaintiff encountered and observed barriers to access the men's restroom in Giovanni's; and so, he also tried to use the women's restroom, in which women's restroom he also encountered and observed barriers to access.

22. The Plaintiff is deterred from visiting the Giovanni's even though he enjoys its excellent food, because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

23. Defendant owns, leases, leases to, or operates a place of public accommodation

(restaurant) as defined by the ADA, 42 U.S.C. § 12181(7)(B), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is Giovanni's.

24. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 28 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

25. Fred Nekouee desires to visit the Giovanni's not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

26. The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

27. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

28. Preliminary inspections of the Giovanni's have shown that violations exist.  The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

4

a. As shown in the photographs below, in the parking lot serving Giovanni's, there are no parking spaces for disabled patrons with van accessible signage, in violation of Federal Law 2010 ADAAG §§ 208.2.4 and 502.6.  The Plaintiff observed this lack of signage, and it deters him from visiting Giovanni's.





b.  In the parking lot serving Giovanni's, the parking space for disabled patrons has an excessively steep running slope, as steep as 1:24.4 (4.1%), which slope is steeper than the maximum slope of 1:48 (2%), in violation of Federal Law 2010, ADAAG § 502.4.  The Plaintiff encountered this steep slope in his wheelchair, and it made it very difficult for him to unload and load from and to his vehicle.

c.  In the parking lot serving Giovanni's, the front section of the parking space for

disabled patrons has an excessively steep cross slope, as steep as 1:30.3 (3.3%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.  The Plaintiff encountered this cross slope and it made him unstable in his wheelchair.

**MEN'S RESTROOM**

d.   The force needed to open the entrance door to the men's restroom in Giovanni's is about 8 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   The Plaintiff encountered this condition.

e.   In the men's restroom in Giovanni's, the rear wall grab bar only extends about 14 inches and 22 inches from the centerline of the water closet and does not extend the minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side, in violation of Federal Law 2010, ADAAG § 604.5.2.   The Plaintiff encountered this condition and it made it difficult for him to transfer from his wheelchair to the toilet.

f.   In the men's restroom in Giovanni's, the side wall grab bar only extends about 49 inches from the rear wall and not a minimum of 54 inches (1370 mm) from the rear wall, in violation of Federal Law 2010, ADAAG § 604.5.1.   The Plaintiff encountered this short side wall grab bar, and it made it very difficult for him to transfer from his wheelchair to sit on the toilet and to get back in his wheelchair from the toilet.

g.   In the men's restroom in Giovanni's, the lavatory sink does not have clear floor or ground space underneath the sink for knee and toe clearance, which space is blocked by a cabinet, in violation of Federal Law 2010, ADAAG §§ 305, 306.2.3, and 606.2.   In his wheelchair, the Plaintiff could not make a forward approach to this lavatory.

h. In the men's restroom in Giovanni's, the leading edge of the paper towel dispenser protrudes about 9 inches horizontally from the wall into the circulation path and is installed between 27 inches (685 mm) and 80 inches (2030) above the finish floor, which protrusion is more than the maximum allowed horizontal protrusion of 4 inches (100 mm), in violation of Federal Law 2010, ADAAG § 307.2. In his wheelchair, the Plaintiff encountered this condition and he was at risk of a head injury.

i. In the men's restroom in Giovanni's, the centerline of the toilet paper dispenser is located about 12 inches from the front of the water closet and not between a minimum of 7 inches and a maximum of 9 inches from the front of the water closet, in violation of Federal Law 2010, ADAAG § 604.7. The Plaintiff could not reach the toilet paper from a sitting position on the toilet.

j. In the men's restroom in Giovanni's, the door latch is installed at about 57 inches above the finish floor and higher than the maximum reach height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 404.2.7. In his wheelchair, the Plaintiff could not reach this latch.

**WOMEN'S RESTROOM**

k. The force needed to open the entrance door to the women's restroom in Giovanni's is about 11 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9. The Plaintiff encountered this condition, and due to this condition, the Plaintiff required assistance to enter the women's restroom..

l. In the women's restroom in Giovanni's, the side wall grab bar only extends about

48 inches from the rear wall and not a minimum of 54 inches (1370 mm) from the rear wall, in violation of Federal Law 2010, ADAAG § 604.5.1.  The Plaintiff encountered this short side wall grab bar, and it made it very difficult for him to transfer from his wheelchair to sit on the toilet and to get back in his wheelchair from the toilet.

 m. In the women's restroom in Giovanni's, the top surface of the sink counter is about 35 inches above the finish floor and higher than the maximum allowed height of 34 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 606.3.  The Plaintiff had difficulty using this sink due to this condition.

 n. As shown in the photograph below, in the women's restroom in Giovanni's, the lavatory sink does not have clear floor or ground space underneath the sink for knee and toe clearance, which space is blocked by a cabinet, in violation of Federal Law 2010, ADAAG §§ 305, 306.2.3, and 606.2.  In his wheelchair, the Plaintiff could not make a forward approach to this lavatory.



o. In the women's restroom in Giovanni's, the leading edge of the paper towel dispenser protrudes about 9 inches horizontally from the wall into the circulation path and is installed between 27 inches (685 mm) and 80 inches (2030) above the finish floor, which protrusion is more than the maximum allowed horizontal protrusion of 4 inches (100 mm), in violation of Federal Law 2010, ADAAG § 307.2.  In his wheelchair, the Plaintiff

10

encountered this condition, and due to this protrusion he was at risk of a head injury.

    p.    In the women's restroom in Giovanni's, the centerline of the toilet paper dispenser is located about 12 inches from the front of the water closet and not between a minimum of 7 inches and a maximum of 9 inches from the front of the water closet, in violation of Federal Law 2010, ADAAG § 604.7. The Plaintiff could not reach the toilet paper from a sitting position on the toilet.

    29.    All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

    30.    The discriminatory violations described in paragraph 28 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

    31.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

    32.    Defendant has discriminated against the individual by denying individuals access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

34.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with

disabilities as defined by the ADA.

36.	Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

37.	Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Giovanni's restaurant and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.	The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.	Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the

absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (MO #37687)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net
*Attorney for Plaintiff Fred Nekouee*